COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-301-CR
 
RODERICK SHERROD JOHNSON                                                      
   APPELLANT
V.
THE STATE OF TEXAS                                                                 
        STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Roderick Sherrod Johnson appeals
from his conviction for aggravated robbery with a deadly weapon. Appellant pled
not guilty. The jury found him guilty, and the trial court sentenced him to life
imprisonment. Appellant's sole point on appeal is that the evidence was
factually insufficient to support his conviction.
On April 28, 2000, Muhammad Moosa was
working at a convenience store in Arlington. Approximately fifteen minutes
before the 10:00 p.m. closing time, a person entered the store, grabbed him, and
put a knife to his neck. No other customers were in the store at that time.
After forcing Moosa to open the cash register, the assailant took the money out
of it, stabbed Moosa, cutting his throat, head, and stomach, and left the store.
When police arrived, Moosa was covered in blood and was in shock, but he was
still alive.
After a detective found Appellant's
fingerprints on the counter, he created a photographic lineup that included
Appellant's photo. On May 1, 2000, Moosa identified Appellant from the lineup in
a solid, certain manner. Moosa also identified Appellant at trial as the
assailant.
Other evidence was presented at trial.
Moosa testified that Appellant had been in the store on other occasions, and he
recognized Appellant as a past customer. Crime scene technicians determined that
the location and position of Appellant's fingerprints indicated that he had most
likely made the prints while standing behind the counter in the clerk's area.
Moosa testified that, except for during the robbery, he had never allowed
Appellant behind the counter in the clerk's area.
Appellant lived almost directly behind the
store. Appellant's aunt, Audrey Malone, testified that he had been wearing two
plain, white t-shirts that night when she sent him to the store just before
10:00 p.m. to get change for a twenty-dollar bill. Malone said that when
Appellant returned six or seven minutes later, he said the store was already
closed, he was still wearing the t-shirts, and he did not appear to have been
involved in any type of struggle.
Several days after the incident, one of
Appellant's neighbors discovered a broken knife and a bloody, plain white
t-shirt in a dumpster located a short distance from the store. Police determined
that the blood on the knife and t-shirt was Moosa's. Although recovering DNA
from sweat or skin cells inside the shirt is a possible method for determining
who had worn the shirt, no other DNA was found on it. The record does not
reflect if any DNA besides Moosa's was found on the knife. A fence was located
near the dumpster, and the fence had a hole in it that ran between Appellant's
home and the store. Residents of the neighborhood used the hole as a shortcut to
the store.
Several defense witnesses testified that
Appellant traveled to Mississippi on April 29, 2000 to attend his grandmother's
funeral. Appellant returned on May 2, 2000. Appellant's girlfriend, who was with
him when he was arrested on May 2, testified that he was shocked at being
arrested.
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). In our review, we consider the most important evidence that
the appellant claims undermines the jury's verdict. Sims v. State, No.
1328-1, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. Mar. 12, 2003).
Here, Appellant indicates that the most important evidence as to factual
insufficiency includes witnesses' testimony that he went out of town to a
funeral the day after the attack and returned shortly thereafter, arguing that
"[a] person guilty of the offenses charged in this case would not have
returned so soon to the scene of the crime"; Malone's testimony regarding
his apparel and physical appearance; the poor physical and cognitive state Moosa
was in when police arrived; the fact that many fingerprints were found, and only
one set was Appellant's, coupled with the fact that he was a regular customer in
the store; and Appellant's shock at being arrested. Evidence is factually
insufficient if it is so weak as to be clearly wrong and manifestly unjust or
the adverse finding is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must
determine whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the verdict or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Id. In performing
this review, we are to give due deference to the fact finder's determinations. Id.
at 8-9; Clewis, 922 S.W.2d at 136. Consequently, we may find the
evidence factually insufficient only where necessary to prevent manifest
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).
In the case before us, we have made a
complete and detailed examination of all the relevant evidence and have
determined the evidence is sufficient and that manifest injustice has not
occurred. We therefore defer to the fact finder's decision. See Johnson,
23 S.W.3d at 9, 12.
We overrule Appellant's point and affirm
the trial court's judgment.
 
                                                     
   DIXON W. HOLMAN
                                                     
   JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.